IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 06-4202-CV-C-NKL |
| v. | )<br>) |
| COLE COUNTY, MISSOURI, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

ORDER

Plaintiff Ohio Casualty Insurance Co. ("Ohio") filed this declaratory judgment action to determine its liability to defend and indemnify Defendants Cole County, Missouri; Thomas Brown; John Hemeyer and Richard Lee ("Defendants") with regard to *Amrine v. Brooks*, Case No. 04-4300-CV-C-NKL ("the underlying action"). Defendants counter-claimed against Ohio for $19,456.86 in "unreimbursed defense costs" paid by Cole County, plus attorney's fees and any additional sums incurred in the underlying action. Pending before the Court is Ohio's Motion for More Definite Statement [Doc. # 31]. For the reasons set forth below, the Motion is denied.

Ohio claims that it is currently providing a defense to the Defendants in the underlying action under a reservation of rights. Consequently, it cannot tell from the Counterclaim what unreimbursed defense costs Defendants seek, to whom they are owed,

1

why they have been incurred despite Ohio's defense of the underlying action, when they began being incurred, when demand for these costs was made to Ohio, or which of the Defendants made the demand.

The Federal Rules require only notice pleading. The party bringing a claim or counterclaim need only provide its opponent "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

Rule 12(e) does provide that "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, in view of the liberal standards of notice pleading, motions for more definite statement are rarely granted. *Meridian Enterprises Corp. v. Bank of America Corp.*, 2006 U.S. Dist. LEXIS 80950, at *1 (E.D.Mo., Nov. 3, 2006). "Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America Inc. v. Autoworks Distributing*, 2006 U.S. Dist. LEXIS 71477, at *3 (D.Minn., Sept. 28, 2006).

In its Counter-Claim, Defendants seek recovery of unreimbursed defense costs. The underlying action for which those costs are sought is apparent. None of the
2

information requested by Ohio are matters which must be pleaded with particularity under Rule 9. That the Counter-claim does not spell out the particulars of when in the course of the litigation those costs were incurred is not a deficiency for which Rule 12(e) offers a remedy. Defendants' plain statement requesting relief is sufficient for Ohio to form a responsive pleading. Ohio's unanswered questions are matters to be explored during discovery. The Motion for More Definite Statement [Doc. # 31] is therefore DENIED.

IT IS SO ORDERED.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 29, 2007
Jefferson City, Missouri